FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 2008-42 ) |
| SKIF CORPORATION | ) ) |
| Defendant. | ) ) |

ATTORNEYS:

**George Hedley Phillips, Esq.**
**Tamika Archer, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*


**A. Jeffrey Weiss**, **Esq.**
**Alex Moskowitz, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant.*


## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the Government of the Virgin Islands ("the Government") to remand this matter. Skif Corporation ("Skif") opposes the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Skif leased property described as parcel No. 41, Submarine Base, St. Thomas, United States Virgin Islands ("the premises")

from the Government. The lease commenced on January 1, 1988, and had a 15 year term. The lease also provided Skif with three options to renew, for five years each. Skif could renew if it provided the Government 90 days written notice of its intent to do so before the end of the initial term or any of the renewal terms. Renewal was only available if Skif was free of default.

Skif sublet portions of the premises to a number of businesses. Skif neither sought nor received written approval to sublet any portion of the premises.

In 2003, the Virgin Islands Legislature passed legislation which later became Act No. 6634 ("Act 6634"), which requires all leases and subleases of government real estate to contain a provision that the Government shall receive 35% of the rental fee under any sublease.[1] Skif has not made any arrangements in accordance with Act 6634.

On or about March 27, 2007, Skif advised the Government that it was exercising two, five-year options to renew the lease. The Government contests the validity of Skif's attempt to renew the lease. The Government argues that Skif could not renew because it was in violation of the lease terms.

---

[1] Act 6634 provides, in relevant part: "No lease or sublease of government real estate may be approved, unless the lease and the sublease provide for the payment to the Government of a sum equivalent to 35% of the rental fee under the sublease." Legis. B. 25-0030, 25 Legis., Reg. Sess. (V.I. 2003), Act No. 6634 § 15(2).

On August 17, 2007, Lynn Millin Maduro ("Maduro"), the Commissioner of the Department of Property and Procurement, mailed a notice to cure to Skif. On December 19, 2007, Maduro sent a notice to terminate the lease. Skif did not vacate the premises. Rather, On December 20, 2007, Skif filed a federal action.[2]

On February 20, 2008, the Government brought this action for debt and eviction against Skif in the Superior Court of the Virgin Islands (the "debt action"). That action alleges that Skif violated the lease and did not comply with Act 6634. The Government also claims that Skif owes it rent amounting to $75,777.15.

On March 20, 2008, Skif removed the debt action to this Court. On October 2, 2008, the Government filed the instant motion to remand the debt action.[3] The Government argues that this Court does not have subject matter jurisdiction. Skif opposes the motion.

---

[2] Skif sought injunctive and declaratory relief, claimed the government had breached the covenant of good faith, and breached the parties' contract. That federal action, docketed at 2007-152, was consolidated with this action by order of this Court. The Court has since vacated its consolidation order.

[3] While the Government filed the motion to remand in the debt action, it used the federal action's civil number on its motion. Because the motion to remand is directed at the debt action, the Court will address it in relation to that case.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction, and that they must assess the existence of jurisdiction in each case. *See Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.")

When a motion to dismiss raises a question of the existence of proper jurisdiction, the burden of proof with respect to that issue falls on the party asserting jurisdiction exists. *See Myers v. American Dental Ass'n*, 695 F.2d 716, 725 n. 10 (3d Cir. 1982), *cert. denied*, 462 U.S. 1106 (1983).

District courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)(citing *Gully v. First*

*National Bank*, 299 U.S. 109 (1936); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).

**B. Removal and Remand**

By statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Pursuant to Title 28, United States Code, section 1331, district courts of the United States have original jurisdiction over cases arising under federal law, and such cases may be removed to federal court.

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (citations omitted). Anticipation of a defense raising issues of federal law does not confer original jurisdiction, and thus does not make such a case removable. *See Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) ("[A]n action may not be removed on the basis of a federal defense . . . .") (citations omitted).

Further, when a court confronts a motion to remand, the burden of proof is on the party asserting that federal jurisdiction exists. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction and Removal

The Government argues that this Court lacks subject matter jurisdiction over its removed debt action, and that the Court should remand the case. Skif, as the party who removed the case, bears the burden of showing that subject matter jurisdiction exists. *See Samuel-Bassett*, 357 F.3d at 396.

Skif asserts that this Court has jurisdiction over the Government's debt action because the Government's complaint raises arguments that are essentially compulsory counterclaims to Skif's federal action. However, "[i]t is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Taylor*, 481 at 63 (citations omitted).

The Government seeks recovery of the overdue rent and Skif's eviction from the premises. Landlord tenant disputes such as this one are matters of Virgin Islands law. *See* V.I. CODE ANN. tit. 28, § 751 et. seq.; V.I. CODE ANN. tit. 28, § 281 et. seq. The Government's complaint is therefore patently derived from

Virgin Islands law.

Skif's argument that the Government's complaint is little more than a compulsory counterclaim to the federal action, filed in the wrong court, is unavailing. Neither an answer nor a compulsory counterclaim can establish federal question jurisdiction where the plaintiff's complaint is based on state law alone. *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (reviewing cases which note that an answer raising federal law cannot establish federal jurisdiction, and holding that, similarly, a federal counterclaim cannot invoke federal jurisdiction).

Skif also argues that the Government's motion to remand was untimely. Skif is correct that 28 U.S.C. § 1447 requires most motions to remand to be made within 30 days of the filing of the removal notice, and that the Government's motion was not. However, that requirement presumes that jurisdiction is proper in a federal court. Where, as here, that jurisdictional presumption is misplaced, a federal court cannot assert jurisdiction. *See Carlsberg,* 554 F.2d at 1256. Moreover, a jurisdictional defect can be raised at any time. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . . . If at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis supplied)). Because the Government's motion to remand is based on a lack subject matter jurisdiction, it is not untimely.

As such, this Court does not have original jurisdiction over the Government's debt action, and removal was improper.

For the foregoing reasons, the Court will remand the debt action to the Superior Court. An appropriate order accompanies this opinion.

                                          S\_____
                                            **Curtis V. Gómez**
                                            **Chief Judge**